355 South Grand Avenue
Los Angeles, California 90071-1560
Tel: +1.213.485.1234  Fax: +1.213.891.8763
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM&WATKINS LLP

June 20, 2013

**VIA ECF & UPS**

Molly C. Dwyer
Clerk of Court
The James R. Browning Courthouse
U.S. Court of Appeals, 9th Circuit
95 Seventh Street
San Francisco, CA 94103-1526

Re:  Request for Publication - *USACM Liquidating Trust v. Deloitte & Touche LLP*, U.S. Court of Appeals, 9th Circuit, Case No. 11-15626

Dear Ms. Dwyer:

Pursuant to Circuit Rules 36-2 and 36-4, Defendant-Appellee Deloitte & Touche LLP ("Deloitte") respectfully requests publication of the Ninth Circuit's April 22, 2013 Memorandum (Dkt. 39-1) (the "Memorandum" or "Mem.") affirming judgment for Deloitte in the above-referenced case.  Publication is warranted here under several prongs of Circuit Rule 36-2.  The Memorandum's application of the "sole actor" rule, a significant aspect of the doctrine of imputation, is a legal issue of substantial public importance.  Moreover, in contrast to other circuits, Ninth Circuit law regarding the sole actor rule is almost entirely undeveloped.  The Memorandum additionally affirms a published decision by the district court that has been cited by multiple other courts and commentators.  Accordingly, the Memorandum meets multiple criteria for publication.

### Background

This matter arises out of the 2006 bankruptcy of USA Commercial Mortgage Company ("USACM").  After the USACM Liquidating Trust (the "Trust") succeeded to USACM's claims, the Trust sued Deloitte, the former auditor of USACM's 2000 and 2001 financial statements, for allegedly failing to detect or report alleged misconduct by USACM management.  The district court granted summary judgment in Deloitte's favor under Nevada law, holding that (1) the "sole actor" rule required the knowledge and conduct of USACM's principals to be imputed to USACM, and (2) the Trust's claims therefore were barred by affirmative defenses that would have applied had USACM brought the claims itself, *i.e.*, the applicable statutes of limitation and the doctrine of *in pari delicto*.  *See* Mem. at 2; *see also USACM Liquidating Trust v. Deloitte & Touche LLP*, 764 F. Supp. 2d 1210 (D. Nev. 2011).

LATHAM&WATKINS LLP

On appeal, a three-judge panel of the Ninth Circuit[1] affirmed, holding that the district court properly concluded that the knowledge and conduct of USACM's principals must be imputed to USACM under the "'sole actor' rule." Mem. at 2-3. As the Court explained, the doctrine of imputation is subject to a limited "adverse interest" exception when the conduct that would otherwise be imputed is "'completely and totally adverse to the corporation.'" *Id.* at 3, n. 2 (quoting *Glenbrook Capital Ltd. P'ship v. Dodds (In re Amerco Derivative Litig.)*, 252 P.3d 681, 695 (Nev. 2011)). However, this "adverse interest" exception does not apply in circumstances where the corporate actors are the "sole actors" overseeing corporate affairs, such that "'the corporation and its agent are indistinguishable from each other.'" *Id.* at 3 (quoting *Glenbrook*, 252 P.3d at 695-96). The "sole actor" rule thus requires imputation of "an agent's actions to the principal corporation even if the agent totally abandons the corporation's interest." *Id.* at 3.

The Court found that the sole actor rule applied in the instant case because the two principals at issue "utterly controlled and dominated USACM":

> [T]hey were the majority shareholders, owning collectively 83% of the stock at any given time prior to bankruptcy; held top management positions including CEO and President, respectively; were the only two directors until 2001 when they appointed a nominal third director, who admittedly had no active involvement in the company; and were perceived by other actors within USACM as the relevant decision-makers whose actions could not be overridden.

Mem. at 3-4. The Court held that the district court correctly applied the "sole actor" rule to impute the conduct and knowledge of the two principals to USACM and the Trust, and affirmed the district court's order granting summary judgment for Deloitte based on the applicable statutes of limitations. *See id.* at 4-6.

**Basis For Publication**

As the Court's application of the sole actor rule is "a legal or factual issue of … substantial public importance," the Memorandum should be designated an Opinion and published. *See* 9TH CIR. R. 36-2(d). Because a corporation can only act through its agents, the doctrine of imputation commonly arises in cases involving the knowledge, scienter or culpability of a corporation. The Court's Memorandum constitutes meaningful new guidance regarding the sole actor rule as it exists within imputation law, including in particular the types of circumstances that warrant its application. The Court's analysis is thus of substantial importance in securities, professional liability and bankruptcy litigation, as evidenced by the media coverage of the Court's decision. *See*, *e.g.*, Ex. 1, *Nevada 'Sole Actor' Rule Bars Claims Against Deloitte, 9th Cir. Affirms*, BLOOMBERG BNA SECURITIES LAW DAILY, April 24, 2013; Ex. 2, Sindhu Sundar, *Deloitte Not Liable for Mortgage Execs' Fraud, 9th Circ. Says*, LAW360, April 22, 2013.

---

[1] The Panel was comprised of Circuit Judges John Clifford Wallace and Sandra S. Ikuta, and Senior District Judge Marvin J. Garbis, U.S. District Court of the District of Maryland (sitting by designation).

LATHAM&WATKINS LLP

 Moreover, there is little extant Ninth Circuit precedent addressing the sole actor rule. *See* 9TH CIR. R. 36-2(b) (publication warranted where decision addresses area of law that has been "generally overlooked"). While other federal circuits have issued comparatively recent published decisions on the issue, there has not been any published Ninth Circuit decision addressing the rule in almost 60 years.[2] *See, e.g., Kirschner v. KPMG LLP*, 590 F.3d 186, 194 n. 4 (2d Cir. 2009); *Official Comm. f Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 360 (3d Cir. 2001); *In re: NM Holdings Co.*, 622 F.3d 613, 622 (6th Cir. 2010); *US v. One Parcel of Land*, 965 F.2d 311, 317-18 (7th Cir. 1992); *Grassmueck v. Am. Shorthorn Ass'n*, 402 F.3d 833, 840-42 (8th Cir. 2005); *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1005 (8th Cir. 2007) (citing *Grassmueck*).

 Publication of the Memorandum additionally is appropriate because the underlying district court opinion was also published. *See* 9TH CIR. R. 36-2(e); *Pacific Group v. First State Ins. Co.*, 70 F.3d 524, 525 n. 1 (9th Cir. 1995) (granting request for publication of Ninth Circuit memorandum because the "district court had published its decision"); *Knott v. McDonald's Corp.*, 147 F.3d 1065, 1066 n. 1 (9th Cir. 1998). Indeed, multiple courts already have cited or relied upon the lower court's discussion of the sole actor rule, suggesting that judges and litigants in this Circuit would also benefit from the Ninth Circuit's guidance regarding this issue. *See, e.g., In re Nat'l Consumer Mortg., LLC*, No. 10-00930, 2013 WL 164247, at *14 (D. Nev. Jan. 14, 2013); *In re Chinacast Educ. Corp. Secs. Litig.*, No. CV 12-4621-JFW, 2012 WL 6136746, at *10 n. 9 (C.D. Cal. Dec. 7, 2012); *In re Cal. TD Invs. LLC, Golden State TD Invs., LLC*, No. 1:07-bk-13003-GM, 2013 WL 827718, at *5-6 (Bankr. C.D. Cal. Mar. 6, 2013); *see also* Mark J. Loewenstein, *Imputation, The Adverse Interest Exception, and the Curious Case of the Restatement (Third) of Agency*, 84 U. COLO. L. REV. 305, 365 n. 238 (2013).

 For the foregoing reasons, Deloitte respectfully requests that the Court's Memorandum be designated as an Opinion and published.

          Respectfully submitted,

          */s/ Miles N. Ruthberg*
          Miles N. Ruthberg
          of LATHAM & WATKINS LLP

cc: Allan Diamond, Esq. (*via ECF and email*)
   J. Maxwell Beatty, Esq. (*via ECF and email*)

---

[2]  Only one published Ninth Circuit decision has ever addressed the sole actor rule, applying it to impute the conduct of a small town bank manager to a bank in different factual circumstances. *See Matanuska Valley Bank v. Arnold*, 223 F.2d 778, 781 (9th Cir. 1955) ("That [the manager] was a sole actor is made more apparent by the fact that the bank was situate[d] in a small town and it is common knowledge that in such places a banker has quite a close acquaintanceship with the residents and their business transactions.").